[Crim. No. 11343. Fourth Dist., Div. One. Feb. 27, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
PETER CORTEZ, Defendant and Appellant.

COUNSEL

Appellate Defenders, Inc., under appointment by the Court of Appeal, and Handy Horiye for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, A. Wells Petersen and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

THE COURT.*—Peter Cortez appeals his conviction of robbery (Pen. Code, § 211) based upon his plea of guilty. He challenges the court's imposition of the upper base term of five years for the crime.

Cortez entered a Seven-Eleven store about 3 a.m., poked a screwdriver to Henry Virgil's ribs and took money from the store. In the course of this transaction, Robert DeRosa entered the store. Cortez demanded money from DeRosa too, but didn't get any. Cortez said he had a friend outside with a shotgun.

---

*Before Cologne, Acting P. J., Staniforth, J., and Wiener, J.

Cortez was charged with robbing Virgil and attempting to rob DeRosa. As to each count it was alleged Cortez used a dangerous or deadly weapon, the screwdriver, within the meaning of Penal Code section 12022, subdivision (b).

As part of a plea bargain, the attempted robbery count concerning DeRosa was dismissed and the dangerous weapon allegation was stricken from the robbery count. Cortez was on probation for an earlier robbery at the time he robbed Virgil. He had been out of custody for only 26 days. As part of the plea bargain, the court terminated the earlier probation.

In imposing the upper term of five years for the robbery the court noted: "THE COURT: Well, I must say, when I look at the, what I perceive to be no circumstances in mitigation and a rather substantial array of circumstances in aggravation, plus the handling of the prior case, which I don't quarrel with, I think that's what we agreed on. I think under the circumstances that's the most appropriate way of doing it. But I find it a little hard, if these circumstances in aggravation and the rules for applying them are going to have any real force and effect at all, I find it a little difficult to rationalize a mid term in this case. You know, the circumstances in aggravation rather clearly and rather overwhelmingly outweigh whatever circumstances, if any, in mitigation there may be. I understand the point that's made that we now have some additional information that we didn't have before and I understand that traumatic experiences that he went through, but just, really, frankly, that those—those aren't that sigficiant [*sic*] in my mind in exchange for this sort of conduct. As Mr. Jarvis says, almost by definition, criminal conduct is irrational or abnormal, contrary to the general rules and conduct of society. So, if that were an excuse or a circumstance in mitigation I guess that would be present in this case. So I'm not really persuaded that much that these prior incidents should be considered as any real mitigation in this case for this sort of conduct.

"So, I'm persuaded that there are several circumstances in aggravation here, and the Court finds no circumstances in mitigation. The defendant was armed with a screwdriver and used it in a threatening manner towards the victims. I think a screwdriver, almost as much as a knife, is certainly capable of—as a weapon—that's capable of inflicting serious and grievous injuries upon a person if used as a stabbing device, which it could be used; could inflict a rather nasty wound; some serious consequences.

"As pointed out, there were multiple victims, the friends of his who came in as I understand during the course of this event and was at least confronted and asked for or a demand was made upon him for his money and some threatening language about a friend being outside with a shotgun, which I'm sure placed both the clerk and the friend in some reasonable serious apprehension for their safety.

"Obviously there was some premeditation, some planning and scheming that went into the offense. He is, or was at the time and is still on probation for a serious burglary, very serious offense, for which he received some, it could be argued, some showing of leniency in the past by being placed on probation; relatively short term of local custody as a condition of that probation.

"The offense, as I say, did involve a threat of potential serious injury, great bodily injury, high degree of risk to the victims involved.

"I think, although not quite as weighty as some of the other factors, I think it can be argued that there was some vulnerability here on the part of the victim. It was in the early morning hours, as I recall around 3:00 a.m. It's true, these stores are open at that time as a convenience to the public, but also it's reasonable to assume that very few members of the public are going to be out and about at that hour of the morning. So the clerks in those stores are to an extent a little more than a normal degree of vulnerability I think.

"It is the Court's intention, in keeping with the...earlier discussions and comments to simply terminate the probation in the prior case, but consecutive sentences could have been imposed in that case, I think had we not arrived at a different resolution in the matter.

"All of those factors persuade me that the circumstances in aggravation substantially outweigh what little mitigating factors, if any, there may be. And I think the appropriate term is the upper term. So that will be the judgment of the Court, that he will be sentenced to prison for the upper term of five years, against which will be credited 126 days, which includes 18 days of 4019 credits."

█ Cortez contends the court erroneously used an element of the crime as a factor in aggravation contrary to rule 441(d).[1] He argues the

---

[1]All references to rules are to California Rules of Court.

robbery for which Cortez was convicted was the taking of property by means of fear of an unlawful injury. The court's reliance upon the "threatening manner" in which the screwdriver was used and the "threatening language" of a friend outside with a shotgun necessarily related to the element of fear, it is argued. While robbery is the taking of property in the possession of another, from his person or immediate presence and against his will, accomplished by means of force or fear, the particular means of force or the manner in which fear is imparted is not an element of robbery. The means of accomplishing the crime are facts relating to the crime within the meaning of rule 421(a).

■ Cortez contends: "The use of the fact the court was going to sentence defendant concurrently for the case for which probation was revoked was improper. Under Rule 421(a)(7) the factor would normally be a factor in aggravation. In this case, however, an express agreement of the plea bargain was that the revocation on the prior robbery conviction would result in a concurrent sentence."

The court did not sentence Cortez for the earlier crime nor did it revoke his probation. Probation was terminated. Rule 421(a)(7) had nothing to do with the sentencing. This was acknowledged by the judge who went along with the agreement to terminate probation. That Cortez was on probation when he committed the crime and had only been out of custody for 26 days were factors in aggravation relating to the defendant and properly considered under rule 421(b)(4)-(b)(5).

■ Cortez contends the court should not have used the facts he was armed with a screwdriver and the offense involved multiple victims as aggravating factors because the attempted robbery of DeRosa was dismissed and the allegation he used a dangerous weapon upon Virgil (Pen. Code, § 12022, subd. (b)) was stricken.

While facts relating to an independent count which is dismissed pursuant to a plea bargain may not be considered in aggravation of the crime to which a defendant pleads guilty (*People v. Harvey* (1979) 25 Cal.3d 754, 758 [159 Cal.Rptr. 696, 602 P.2d 396]), such is not the case where the facts regarding the dismissed count are transactionally related to the offense to which the defendant pleads guilty (*id.* at p. 758; *People v. Guevara* (1979) 88 Cal.App.3d 86, 92-94 [151 Cal. Rptr. 511]). Here the use of the screwdriver and the attempt to rob DeRosa were all part of the transaction in which Virgil was robbed. Moreover, the screwdriver could be considered in aggravation "whether

or not charged or chargeable as an enhancement under section 12022" (rule 421(a)(2)).

Cortez correctly contends he was not granted sufficient conduct credits for the time he spent in presentence custody in jail.

The judgment is affirmed and the Department of Corrections is directed to determine the presentence conduct credits to which defendant is entitled upon defendant's application for administrative determination of such credits (see *People* v. *Sage* (1980) 26 Cal.3d 498, 507, fn. 7* [165 Cal.Rptr. 280, 611 P.2d 874]).

Appellant's petition for a hearing by the Supreme Court was denied May 8, 1980. Mosk, J., and Newman, J., were of the opinion that the petition should be granted.

*Reporter's Note: *People* v. *Sage* was modified on April 30, 1980, and footnote 7 appearing on page 507 was deleted.