[Crim. No. 11310. Third Dist. Jan. 8, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK A. ALVAREZ, Defendant and Appellant.

**630**

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Roy M. Dahlberg, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and Ramon M. de la Guardia, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BLEASE, J.**—We consider on this appeal whether a plea bargain to *strike* a prior conviction precludes use of the conviction to aggravate the sentence. We conclude that it does not and affirm the judgment.

## FACTS

Defendant Frank Alvarez was charged with the taking of a pickup truck, in violation of Vehicle Code section 10851, and with the infliction of bodily injury while driving under the influence of intoxicating liquor, in violation of Vehicle Code section 23101. It was alleged that he had a prior first-degree robbery conviction (Pen. Code, § 211) committed with the use of a firearm (Pen. Code, § 12022.5) resulting in a separate prison term. Pursuant to a plea bargain,[1] the Vehicle Code section 10851 charge was dismissed and the allegation of the prior felony conviction and prison term was stricken. Defendant then entered a plea of nolo contendere to the Vehicle Code section 23101 charge and was sentenced to prison for the upper term of three years. He appeals the sentence.

The record shows that defendant, while intoxicated, stole a pickup truck from a dealer's lot. A short time later, the truck, while driven by defendant, collided with another vehicle whose driver was injured.

According to the probation report, defendant has two prior juvenile convictions (robbery and possession of seconal) and four prior adult convictions (robbery, burglary, battery, and resisting a public officer). He was a parolee in abscond status at the time of the present offense. The report referred to defendant's history of substance abuse, but found no mitigating circumstances.

The trial court said that it had considered the probation report and listed the following circumstances in aggravation of the offense: "The

---

[1]At the time of the taking of defendant's plea the following colloquy took place:

"THE COURT: Frank Alvarez, 59256. Are you Frank Alvarez?

"DEFENDANT: Yes.

"THE COURT: Counsel, you're appearing for Mr. Alvarez?

"MS. BELL: Yes, your Honor.

"THE COURT: What is your desire in this matter?

"MS. BELL: Your Honor, I believe that at this time, Mr. Alvarez is prepared to withdraw his previously entered plea of not guilty to Count Two, with the following understandings—he will enter a new and different plea of guilty, with the following understandings: That Count One will be dismissed; that the prior convictions would be stricken; and that there is a matter which is set for a Preliminary Hearing today, in Department F, which is Case Number 53265F, that would be dismissed today, in any event—but pursuant to this plea bargain, it would not be refiled.

"THE COURT: Mr. District Attorney?

"MR. PERKINSON: That would be the People's recommendation, your Honor."

The court then proceeded to take defendant's no contest plea to count two and the proceeding was continued to January 5, 1981, for sentencing.

defendant has a record of previous commitments to California Youth Authority, California Department of Corrections. He was on parole when he committed the present offense. [¶] He was also a parolee abscond when he committed the present offense. [¶] Defendant has a history of drug abuse, was under the influence of alcohol when he committed this offense, and he has a prior felony conviction. [¶] Defendant's prior convictions as a juvenile, as an adult, are numerous. [¶] There is a continuing pattern of criminal conduct, *has a prior prison term, although has not been charged as an enhancement under Section 667.5.* [¶] He was on parole at the time of the present offense. His prior performance on parole has been unsatisfactory." (Italics added.)

## DISCUSSION

This case puts in issue the meaning of the plea bargain. The defendant contends that he agreed "that the prior conviction [ ] would be stricken" and that such an agreement precludes the trial judge, as he did here, from imposing an aggravated sentence by use of the stricken conviction. We disagree.

 "The process of plea bargaining which has received statutory and judicial authorization as an appropriate method of disposing of criminal prosecutions contemplates an agreement negotiated by the People and the defendant and approved by the court. ([Pen. Code] §§ 1192.1, 1192.2, 1192.4, 1192.5; *People* v. *West* (1970) 3 Cal.3d 595, 604-608 [91 Cal.Rptr. 385, 477 P.2d 409].)" (*People* v. *Orin* (1975) 13 Cal.3d 937, 942 [120 Cal.Rptr. 65, 533 P.2d 193].) "'If a negotiated agreement to plead guilty is reached, care should be taken by prosecutor and defense counsel to state explicitly all its terms....'" (*People* v. *West* (1970) 3 Cal.3d 595, 610 [91 Cal.Rptr. 385, 477 P.2d 409].) The nature of a plea bargain, including an agreement between the parties, places the interpretation of the agreement generally within the purview of contract principles, including the principles of public policy. One of these applicable principles is set forth in Civil Code section 1644: "The words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning; unless used by the parties in a technical sense ...." As we shall show, the term "strike" has a technical, legal meaning within the determinate sentence law.

Defendant expressly bargained for the "striking" of his prior conviction. That was done, thereby avoiding the use of the conviction to enhance his present conviction by three years. (Pen. Code, §§ 667.5, subds. (a) and (c)(8), 1170.1, subd. (g).) However, defendant now asks us to read "striking" not in its legal sense, but as inclusive of the alternative sentencing uses of the prior conviction, including those under California Rules of Court, rule 421 (b)(3).[2] He relies upon *People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396].

In *Harvey* the Supreme Court held that it was improper for a sentencing court to consider facts underlying a *dismissed*, but transactionally unrelated, count, for purposes of aggravation of the admitted offenses. The court said: "In our view, under the circumstances of this case, it would be improper and unfair to permit the sentencing court to consider any of the facts underlying the dismissed count three for purposes of aggravating or enhancing defendant's sentence. Count three was dismissed in consideration of defendant's agreement to plead guilty to counts one and two. Implicit in such a plea bargain, we think, is the understanding (in the absence of any contrary agreement) that defendant will suffer no adverse sentencing consequences by reason of the facts underlying, and solely pertaining to, the dismissed count." (*Id.*, at p. 758.)

We do not think that *Harvey* is applicable here.[3] In *Harvey* the term "dismissed," unlike the term "strike," had no technical, legal meaning linked to a specific sentencing consequence. It was thus proper for the court to read "dismissed" in an ordinary sense of removing the dismissed charge from the case for all purposes. Unlike here, there was no set of detailed statutes and rules which clearly spelled out the sentencing alternatives and which utilized technical words of sentencing limitation.

A prior conviction carries with it specific, alternative sentencing consequences. Where accompanied by imprisonment, as here, it may be used to enhance the principal offense. (Pen. Code, § 667.5.) It may also be used to aggravate the principal offense "whether or not charged . . . as an enhancement under section 667.5." (Cal. Rules of Court, rule 421(b)(3).) It may not be used to do both. (Pen. Code, § 1170, subd.

[2]California Rules of Court, rule 421(b)(3), provides, as an aggravating circumstance, the fact that "[t]he defendant has served prior prison terms whether or not charged or chargeable as an enhancement under section 667.5."

[3]The recent case of *People* v. *Hazelaar* (1981) 125 Cal.App.3d 1017, 1027 [178 Cal.Rptr. 491] reached a contrary conclusion, but without consideration of the grounds of analysis relied on in this opinion.

(b); Cal. Rules of Court, rule 441(b).) However, if there are facts in aggravation other than those relating to the enhancement, the enhancement may be added to the aggravated term. (Pen. Code, § 1170.1, subd. (c).)

The method by which a charged enhancement is removed from consideration *as an enhancement* is by "striking" the charge. "Notwithstanding any other provision of law, the court may *strike the additional punishment for the enhancements* provided in [section] 667.5 ...." (Pen. Code, § 1170.1, subd. (g).) (Italics added.) Accordingly, "strike" is a term of art which operates only to void "punishment for the enhancements." It does not apply to the separate use of a prior conviction to aggravate a sentence pursuant to California Rules of Court, rule 421(b)(3), "whether or not charged ... as an enhancement under section 667.5." We find no issue of public policy which would preclude reading "strike" in its statutory sense.

 In bargaining for the striking of the prior conviction as an enhancement, the defendant bargained only for one of the specifically enumerated alternatives. He gained thereby, on this record, the elimination of the prior conviction as an enhancement to an aggravated term, for there were ample facts, apart from the prior conviction, upon which the court could have *and did* impose an aggravated sentence. He gained thereby a reduction in his maximum term of three years. He is entitled to no more.

The judgment is affirmed.

Reynoso, Acting P. J., and Carr, J., concurred.

On February 1, 1982, the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied March 3, 1982. Reynoso, J., did not participate therein.