[Crim. No. 23498. First Dist., Div. Three. Apr. 13, 1982.]

In re JESSE JAMES KNIGHT on Habeas Corpus.

COUNSEL

Frank W. Dice for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Herbert F. Wilkinson and Martin S. Kaye, Deputy Attorneys General, for Respondent.

OPINION

WHITE, P. J.—This petition challenges the trial court's imposition of an aggravated term based in part upon prior convictions which were dismissed as part of a plea bargain. We conclude, based upon *People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396], that an implicit term in the plea bargain was that the priors would not be used to aggravate petitioner's term. Therefore, we grant the relief requested.

On April 5, 1978, petitioner was charged by information in the Monterey County Superior Court with robbery and two firearm/weapon violations. Four prior felony convictions were alleged. Before trial began, petitioner admitted two of the priors and the other two were dismissed on motion of the district attorney. The two dismissed priors were a 1957 Mississippi grand theft conviction and a 1961 federal district court of Arizona conviction for auto theft.

After trial and conviction, petitioner was sentenced to a total of ten years consisting of (1) the aggravated term of four years for the robbery, (2) two years for use of a firearm during the robbery, (3) three years for one of the admitted priors, and one year for the other admitted prior. The court gave as a reason for imposing the aggravated term of four years for the robbery: "based upon his beginning felony convictions in 1957 and '61."

Petitioner's conviction was affirmed on appeal to this division. Subsequently, the Supreme Court decided *People* v. *Harvey, supra,* 25 Cal.3d 754, and petitioner filed a petition for writ of habeas corpus in this court. Because the trial court record was ambiguous on the question of whether the two priors were dismissed as a result of a plea bargain or for some other reason, we issued an order to show cause returnable in the trial court. Our intention was that the trial court determine whether there was a bargain below and, if so, grant the relief requested. Our order to show cause stated, in part: "if petitioner's assertion that the 1957 and 1961 priors were dismissed as the result of a plea bargain is correct, those priors should not have been considered in determining whether to aggravate the term."

The district attorney's return to the order to show cause missed the point of the order to show cause and argued that "[t]he understanding between the parties that existed at the time the petitioner admitted the two priors did not preclude the use of the dismissed priors at the time of sentencing.... No such conditions were mentioned at the time the two priors were admitted *and there was no objection on 'benefit of the bargain' grounds at the time of sentencing.*" (Italics in original.) The district attorney also sought to distinguish *Harvey* on the ground that rule 421(b)(3) allows a court to consider priors as matters in aggravation whether or not they were charged as enhancements. *People* v. *Cortez* (1980) 103 Cal.App.3d 491 [163 Cal.Rptr. 1] was cited in support of the distinction.

The district attorney did not deny that there was a bargain under which petitioner admitted two priors in exchange for the dismissal of the two other priors. He only argued that there was no term in the bargain which forbade the prosecutor from using the dismissed priors as factors in aggravation.

At the hearing, petitioner testified that he admitted to two priors with the understanding that the 1957 and 1961 priors were to have been

dismissed and that they would not be brought up again. The district attorney presented no witnesses, but only argued again that the *Cortez* decision applied and that petitioner's bargain did not preclude use of the dismissed priors as factors in aggravation.

After hearing, the court denied the petition with no explanation of its reasoning. This petition for writ of habeas corpus followed.

■ In the first of its two significant rulings in *People* v. *Harvey, supra*, 25 Cal.3d 754, the Supreme Court concluded that if a defendant entered into an agreement to plead guilty to some charges in exchange for dismissal of other charges "[i]mplicit in such a plea bargain, . . . is the understanding (in the absence of any contrary agreement) that defendant will suffer no adverse sentencing consequences by reason of the facts underlying, and solely pertaining to, the dismissed count." (25 Cal.3d at p. 758.) The *Harvey* court concluded that the sentencing court could consider the facts underlying the dismissed charges only if the facts were transactionally related to the offense to which the defendant pleaded guilty. (*Id.*, citing *People* v. *Guevara* (1979) 88 Cal.App.3d 86, 92-94 [151 Cal.Rptr. 511].)

We conclude that the same implicit understanding exists in a bargain to dismiss prior convictions.[1] We find no material distinction between a bargain to dismiss another substantive offense and a bargain to dismiss a charged prior.

The Attorney General argues that the two are distinct because the defendant may admit a prior merely to keep it from being presented to the jury and because rule 421(b)(3) of the California Rules of Court permits aggravation for a prior prison term "whether or not charged or chargeable." He argues that rule 421(b)(3) and the decision in *People* v. *Cortez, supra*, 103 Cal.App.3d 491, should be read as permitting the trial court to aggravate for dismissed prior convictions.

In *Cortez*, the defendant was armed with a screwdriver when he approached two victims. He pleaded guilty to robbery of one victim and in return the charge of attempted robbery of the other was dismissed and the allegation of being armed with a deadly weapon was stricken. The

---

[1]Note, however, the distinction that has been drawn between a bargain for "dismissal" of a prior and a bargain to "strike" a prior. (*People* v. *Alvarez* (1982) 127 Cal.App.3d 629 [179 Cal.Rptr. 706].)

*Cortez* court permitted use of both the dismissed charge and the stricken allegation because they were transactionally related to the robbery he admitted. It added the dictum: "Moreover, the screwdriver could be considered in aggravation 'whether or not charged or chargeable as an enhancement under section 12022' (rule 421(a)(2))." (103 Cal.App.3d at pp. 496-497.)

The *Cortez* dictum is not on point because there the weapon allegation was stricken, not dismissed. (See *People* v. *Alvarez, supra*, 127 Cal.App.3d 629.) If it were on point, it would reveal a misunderstanding of the significance of the rule. The fact that a circumstance may be considered in aggravation whether or not charged or chargeable is not determinative of the question of whether it may be considered *when dismissed as a part of a plea bargain.* The dismissed robbery in *Harvey* could have been considered in aggravation even had it not been charged. (See *People* v. *Hubbell* (1980) 108 Cal.App.3d 253, 256-257 [166 Cal.Rptr. 466]; *People* v. *Taylor* (1979) 92 Cal.App.3d 831 [155 Cal.Rptr. 62].) What prevented its use in *Harvey* was that it had been charged and was dismissed pursuant to a plea bargain. Here, the prior convictions were alleged in the information. If they were dismissed as part of a plea bargain, the trial court erred in considering them in aggravation of the term.

The Attorney General does not contest petitioner's testimony that the priors were dismissed as part of a plea bargain. He argues only that the bargain did not contain a provision that the dismissed priors could not be used in determining whether to impose an aggravated term. In effect, he is arguing that there must be an explicit agreement that a dismissed prior not be used to aggravate the term of the defendant.

*Harvey* is directly contrary to the Attorney General's position: "[i]mplicit in such a plea bargain, we think, is the understanding (in the absence of any contrary agreement) that defendant will suffer no adverse sentencing consequences." (*Harvey, supra*, 25 Cal.3d at p. 758.) There is no evidence of a contrary agreement between petitioner and the prosecutor. Thus, the trial court erred in aggravating the term based upon the prior convictions in 1957 and 1961.

The Monterey County Superior Court is ordered to vacate its sentence, resentence petitioner in accordance with the views stated herein,

and forward to the Department of Corrections a copy of the amended abstract of judgment.

Feinberg, J., and Barry-Deal, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 9, 1982.