[Crim. No. 15734. Fourth Dist., Div. One. June 29, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
TIMOTHY WILSON MYERS, Defendant and Appellant.

COUNSEL

Richard C. McCue, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Jay M. Bloom and Frederick R. Millar, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WORK, J.**—In a case illustrating how sentencing error can occur through misuse of a "*Harvey* waiver," a device spawned by innovative prosecutors and defense counsel in response to the holding in *People* v. *Harvey* (1979) 25 Cal.3d 754, 758 [159 Cal.Rptr. 696, 602 P.2d 396], Timothy Myers appeals a judgment denying probation after he plea bargained a guilty plea to forgery (Pen. Code,[1] § 470). ▆▆▆ The requirement the People both plead and prove a defendant's prior felony convictions beyond a reasonable doubt when establishing probation ineligibility pursuant to section 1203, subdivision (e)(4),[2] mandates the record show the defendant was advised

---

[1] All statutory references are to the Penal Code.

[2] Section 1203, subdivision (e)(4) provides: "Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons:

" . . . . . . . . . . . . . . . . . .

"(4) Any person who has been previously convicted twice in this state of a felony or in any other place of a public offense which, if committed in this state, would have been punishable as a felony."

California Rules of Court, rule 416 provides in pertinent part: "When the granting of probation is prohibited by statute except in unusual cases where the interests of justice would best be served by granting probation, the following facts may indicate the existence of an unusual case:

" . . . . . . . . . . . . . . . . . .

"(e) The fact that the crime was committed because of psychological problems not amounting to a defense, that psychological or psychiatric treatment will be required as a condition of probation, and that the court is convinced that the treatment has a high likelihood of being successful and that the defendant will not be a danger to others."

this direct penal consequence would follow and a clear waiver of applicable *Boykin/Tahl*[3] rights. For the reasons following, we hold a plea agreement by the defendant to a *"Harvey* waiver" on prior convictions does not avoid the necessity of recording these specific advisements and the taking of express waivers.

We also find the sentencing court did not abuse its discretion by denying Myers' request for a presentence psychological examination and report. We reverse the judgment and remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

Myers was charged with separate counts of forgery and unlawful possession of a completed negotiable instrument with intent to defraud (§ 475a). He pleaded guilty to forgery with the understanding the possession charge would be dismissed and that his three prior felony convictions would not be filed against him. The plea bargain included a *"Harvey* waiver"[4] as to unfiled priors and the dismissed count. Myers was sentenced to prison for the midterm of two years after the sentencing court found he was statutorily ineligible to receive probation because of his multiple prior felony convictions in the absence of a showing of special circumstances (Cal. Rules of Court, rule 416; § 1203, subd. (e)(4)).

In *People* v. *Harvey, supra,* 25 Cal.3d 754, 758, the Supreme Court held it is implied in every plea bargain where the People agree to dismiss certain felony counts in exchange for a defendant's agreement to plead guilty to other nontransactionally related charges, that the facts underlying the dismissed counts shall not be used to adversely affect the defendant's sentence on the admitted counts. Thus, a defendant who is charged with (or can be charged with) unrelated robberies of A and B, taking $100,000 from A and only $2 from B, initially faces the possibility of being convicted of both robberies, having the A robbery sentence term enhanced by two years pursuant to section 12022.6, subdivision (b) and the B robbery term imposed consecutive to the whole. By agreeing to plead guilty to robbing B in exchange for the dismissal or nonfiling of the A charges, the defendant avoids

---

[3]*Boykin* v. *Alabama* (1969) 395 U.S. 238, 242-244 [23 L.Ed.2d 274, 279-280, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 460 P.2d 449].

[4]The change of plea form reads in part: "12. That he has not been induced to plead guilty by any promise or representation of a lesser sentence, probation, reward, immunity, or anything else. If defendant's plea of guilty is the result of discussions with the District Attorney (e.g., that the District Attorney has agreed to move to dismiss a count if defendant pleads guilty to another count), explain briefly .such promise or plea bargaining, in the following space: Defendant to plead to ct. 1; DA agrees to dismiss ct. 2 and further agrees to oppose O.R. release pending sentencing in this case; *Harvey* waiver as to unfiled priors and dismissed count."

both the potential prison term for the A robbery and the two-year enhancement for taking $100,000. The impact of the *Harvey* decision is that the sentencing court must pretend the defendant did not rob A when determining whether to aggravate his sentence for robbing B, or in evaluating his suitability for probation. Further, if granted probation for the $2 B robbery, the defendant may not be ordered to pay restitution to A. This is because the sentencing court must presume the People induced the defendant to waive constitutional rights to trial and plead to the B robbery by implying this result was part of the plea bargain.

To avoid the *Harvey* presumption, prosecutors began conditioning their plea bargains upon the defendant agreeing that the sentencing court may consider the facts underlying the not-proved or dismissed counts when sentencing on the remainder. The defendant's agreement is what has become known popularly, if somewhat incorrectly, as the *"Harvey* waiver." ▮ When it is clear a purported *"Harvey* waiver" applies only to a defendant's expressed intent to dispel the People's otherwise implied agreement not to allow the sentencing court to consider the facts underlying unproved charges, it is proper. Clearly, a defendant may choose to accept the relatively minor potential consequences to his sentence to insure avoiding other convictions, consecutive sentences and other enhancement terms. The problem arises where, as here, the very informality of the process in taking a *"Harvey* waiver" would allow prosecutors to avoid having to plead or prove the prior convictions. (*People* v. *Lo Cicero* (1969) 71 Cal.2d 1186, 1192 [80 Cal.Rptr. 913, 459 P.2d 241].)

The People concede ordinarily prior felony convictions cannot make a defendant ineligible for probation unless they are first pleaded and proved. (§ 1203.) ▮ However, they contend Myers' plea bargained *"Harvey* waiver," expressly agreeing the court could consider "unfiled priors and dismissed count," eliminated any need to plead and prove them here. They argue that had he not pled guilty and agreed to the *"Harvey* waiver," the district attorney could have moved to amend the information to charge his prior convictions, subjecting Myers to additional potential prison terms for section 667.5 enhancements. The People contend Myers' *"Harvey* waiver" in effect "admitted" the priors, as the waiver clearly gave him notice his prior convictions were "in issue" and obviated the need for pleading and proof because he was affirmatively consenting to the court's considering them for sentencing purposes.[5] Although ambiguous, the record implies

[5]At the taking of the plea, the sentencing court stated to defendant: "This document also indicates that you promise to give up your rights under the *Harvey* decision, so that the unfiled priors and the dismissed count will be considered by the court for purposes of sentencing. Is that what you want to do?
"The Defendant: Yes, sir.
"The Court: Does he do so with your advice and consent?
"Ms. Leonard [defense counsel]: Yes, your honor."

Myers may have believed his *"Harvey* waiver" did make him statutorily ineligible for probation because he never contended in his statement in mitigation section 1203, subdivision (e)(4) was inapplicable. In fact, it appears to acknowledge the People's contention in their statement in aggravation that he was ineligible for probation because of these prior convictions, and argued only there were "unusual circumstances" warranting probation in spite of section 1203, subdivision (e)(4). The People further note that at the sentencing hearing, the prosecutor again pointed out Myers' statutory ineligibility for probation and defense counsel responded only by requesting a diagnostic study and asserting in section 1203, subdivision (e)(4) terms, this was "an unusual case."[6]

█ Preliminarily, we acknowledge the *Harvey* principle applies equally to the sentencing court's decision to deny probation (*People* v. *Jones* (1980) 108 Cal.App.3d 9, 16-17 [166 Cal.Rptr. 131]) and to plea bargains which dismiss charged prior convictions (*In re Knight* (1982) 130 Cal.App.3d 602, 605 [181 Cal.Rptr. 853]). █ However, an informed *"Harvey* waiver" cannot be treated as tantamount to a guilty plea to the dismissed or uncharged crimes, nor may it be employed by design, or carelessly, to set aside the pleading and proving requirements necessary to make a defendant statutorily ineligible to receive probation or to impose an enhancement term. We hold the direct penal consequences of such a "waiver" accompanying either of these situations regarding prior felony convictions requires the *Boykin/Tahl/Yurko*[7] procedural requirements be fully met.

█ In spite of Myer's lengthy criminal history and three prior prison terms, the sentencing court was impressed by a number of mitigating factors, and Myers' apparent sincere, and successful, rehabilitation efforts. Its comments show it believed the issue of whether to grant probation was close, but that the strictures of section 1203, subdivision (e)(4) making Myers statutorily ineligible could not be overcome. In light of the sentencing court's comments, we cannot presume probation would have been denied had the sentencing court recognized it was not subject to the prohibition of section 1203, subdivision (e)(4).[8]

---

[6]On the other hand, the probation report stated there appeared to be no factors which would make Myers ineligible for probation.

[7]*In re Yurko* (1974) 10 Cal.3d 857, 863-865 [112 Cal.Rptr. 513, 519 P.2d 561].

[8]We recognize Myers will soon be eligible for parole and is not likely to want to exchange a relatively short period of parole supervision for a probation term likely to be substantially longer. Since Myers may reject probation even if offered, there is not likely to be any practical impact on Myers.

## THE SENTENCING COURT DID NOT ABUSE ITS DISCRETION IN NOT ORDERING A PSYCHOLOGICAL EXAMINATION AND REPORT BEFORE IMPOSING SENTENCE

 We reject Myers' claim the sentencing court abused its discretion in failing to order a psychological examination to aid in choosing an appropriate sentence, even though it characterized him as "an emotional basket case" and the record is replete with evidence showing Myers' past mental instability.

Section 1203.03 permits a defendant to be placed in a diagnostic facility for 90 days to obtain social and psychological information relevant to sentencing. "Such placement is warranted where the court concludes a diagnostic study is essential to a just disposition of the case. The sentencing court abuses its discretion in ruling on a particular matter only where such ruling exceeds the bounds of reason." (*People* v. *Harris* (1977) 73 Cal.App.3d 76, 85 [140 Cal.Rptr. 697]; *People* v. *Swanson* (1983) 142 Cal.App.3d 104, 111 [190 Cal.Rptr. 768]; *People* v. *Peace* (1980) 107 Cal.App.3d 996, 1001 [166 Cal.Rptr. 202].) "The fact that a trial judge uses his discretion in a manner different from that requested or suggested, does not mean that the trial judge has abused his discretion." (*People* v. *Swanson, supra,* 142 Cal.App.3d at p. 111; *People* v. *Peace, supra,* 107 Cal.App.3d at p. 1001.)

 Myers shows no sentencing court discretion abuse. His emotional instability was argued by defense counsel in a written statement in mitigation and at sentencing. The probation report extensively discussed, and the sentencing court acknowledged, Myers' emotional problems. However, the court determined a psychological examination was not necessary because Myers had previous intensive psychological counseling for approximately 42 months which did not prevent his recidivism. The sentencing court did not abuse its discretion in concluding a psychological report was unnecessary to fairly sentence Myers to his fourth prison term.

### DISPOSITION

The judgment is reversed as to the denial of probation and remanded for resentencing. In all other respects, the judgment is affirmed.

Wiener, Acting P. J., and Butler, J., concurred.