Filed 2/6/14  P. v. Milner CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT PAUL MILNER,<br><br>      Defendant and Appellant. | C071537<br><br>(Super. Ct. No. 11F5452) |

Defendant pled to two different offenses on two different dates.  Both of his resulting sentences to prison terms were based on his failure to appear at an earlier sentencing on one of the offenses.  On appeal, he claimed only that the People were precluded by the plea agreement from charging him with failure to appear.

1

We ordered supplemental briefing on whether the trial court imposed an unauthorized sentence by failing to apply Penal Code[1] section 654. Because we conclude that the trial court's decision to impose an unstayed sentence in defendant's second case violated section 654, we shall modify the judgment. We otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*The Underlying Case*

In May 2011, defendant Robert Paul Milner pled no contest to possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and admitted a prior strike (§§ 667, subds. (b)-(i), 1170.12) in return for a stipulated state prison term of 32 months. (Case No. 10F6232, hereafter "the underlying case.") The agreement included a waiver pursuant to *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*), which provided defendant's prison term would increase from 32 months to six years if he failed to appear at sentencing. It also provided that the People would not file new charges based on an (unrelated) arrest that occurred on or about May 17, 2011, and if they did so defendant would be entitled to withdraw his plea. The agreement did *not* state that the People would refrain from filing a failure to appear charge if defendant failed to appear for sentencing.

Defendant failed to appear at his sentencing hearing on June 16, 2011, and the trial court ultimately imposed the six-year sentence contemplated by the *Cruz* waiver. We upheld that sentence on appeal. (*People v. Milner* (April 17, 2012, C069683) [nonpub. opn.].)

---

[1] Further undesignated statutory references are to the Penal Code.

2

*The Failure to Appear Case*

On September 14, 2011, the People filed case No. 11F5452 (the FTA case), alleging defendant's failure to appear on June 16, 2011 as a felony with an on-bail enhancement. (§§ 1320, 12022.1.) Defendant pled no contest to the FTA case on May 25, 2012, on condition that he would receive a maximum sentence of three years four months on that case, he could argue against a consecutive sentence, and the trial court would grant a certificate of probable cause (CPC) if it imposed consecutive sentences for the FTA case and the underlying case.[2]

Defendant filed a sentencing memorandum, arguing cursorily and among other things that consecutive sentencing on the FTA case "constitutes a dual use of facts, in violation of [section 654]." The trial court rejected defendant's arguments and imposed a sentence of three years and four months for the FTA case, consecutive to the six year sentence previously imposed on the underlying case. The trial court's reasoning included in pertinent part the following observations:

> "The defendant failed to appear, and therefore the negotiated plea in 10F6232 called for the six-year state prison sentence in that case.

> "The fact that the People chose to file a failure to appear is not something within the control of the Court. And they have the discretion to file it or not file it, and make their own determination as to whether there should be additional punishment for the actual failing to appear. And that's not to say I don't understand the argument, that factually, it seems he's being punished twice to [*sic*] the same thing.

---

[2] We note that the trial court's agreement to issue a CPC without legal cause was not appropriate. "The plea bargain cannot be used to change or to ignore statutory requirements which the trial court has no power to change or ignore. [Thus] it is inappropriate for the trial court to accept a plea based on a plea bargain which contains a promise that defendant will be entitled to or shall receive a certificate of probable cause (presumably made in order that defendant may pursue an appeal under section 1237.5) [because] such a promise may well be illusory and hence worthless[.] . . . ." (*People v. Meals* (1975) 49 Cal.App.3d 702, 708.)

3

"Nonetheless, I think they're distinct and separate. The six years was for the underlying criminal conviction in 10F6232. And this is punishment for the failure to appear and committing the offense while out on bail or OR.

"I'm not inclined to exercise my discretion. I do think it was a separate offense, separate occasion, calls for a consecutive sentence. And in addition, in light of the defendant's prior history, I think that he's getting significant benefit, anyway[.]"

The trial court then imposed a state prison term of three years four months in the FTA case, consisting of eight months (one-third the midterm) for failure to appear, doubled for the strike, plus two years for the on-bail enhancement, to run consecutive to defendant's sentence in the underlying case.

*Defendant's Appeal from the FTA Case*

Defendant appealed. He contends the People violated the "express terms" of his plea agreement in the underlying case by filing the FTA case. He did not make this argument in trial court, nor did he renew his arguments against consecutive sentencing or his section 654 argument in this court.

We requested supplemental briefing on the application of section 654 to the underlying and FTA cases. As we will explain, we now hold that section 654 required the trial court to stay the sentence on the FTA case. Accordingly, we shall modify the judgment (§ 1260) to stay the sentence on the FTA case.

## DISCUSSION

### I

*Violation of the First Plea Agreement*

Defendant contends that his prosecution in the FTA case "was precluded by the express terms of the plea agreement in [the underlying case]" and that the People violated

4

the terms of the agreement by filing the FTA case.  Assuming this case is cognizable, we disagree.[3]

As we set forth *ante*, the plea agreement in the underlying case contained *no* terms that barred the People from filing new charges should defendant fail to appear for sentencing.  The agreement was silent on this point.  Nor did the agreement *impliedly* promise the People would not file an FTA case for defendant's FTA.  Defendant cites no authority holding that a *Cruz* waiver impliedly bars the filing of new charges for failure to appear, and we know of none.  Section 1320, subdivision (b), which makes failure to appear punishable as a felony, contains no exception for cases where the defendant had previously entered into a plea agreement with a *Cruz* waiver.[4]  And because the plea agreement here expressly barred the People from bringing new charges based on defendant's May 2011 arrest in an unrelated case, the absence of any similar provision barring new charges for failure to appear supports our conclusion that defendant could not have reasonably believed such a provision was implied.  (See *People v. Haney* (1989) 207 Cal.App.3d 1034, 1037-1040.)

---

[3] Arguably, defendant may raise this issue now, despite our affirmance of the first case, because his claim is that the mere filing of the FTA undermined the validity of the plea.  However, we need not decide this point.

[4] The version of section 1320, subdivision (b), operative on June 16, 2011, the date of the FTA, provides:

"Every person who is charged with or convicted of the commission of a felony who is released from custody on his or her own recognizance and who in order to evade the process of the court willfully fails to appear as required, is guilty of a felony, and upon conviction shall be punished by a fine not exceeding five thousand dollars ($5,000) or by imprisonment in the state prison or in the county jail for not more than one year, or by both that fine and imprisonment.  It shall be presumed that a defendant who willfully fails to appear within 14 days of the date assigned for his or her appearance intended to evade the process of the court."  (Stats. 1996, ch. 354, § 2, p. 2453.)

Defendant correctly notes that a trial court may not sentence a defendant on a plea to a punishment harsher than that specified in the plea, or attach new provisions or conditions over the defendant's objection. (See, e.g., *People v. Masloski* (2001) 25 Cal.4th 1212, 1217-1219.) But the trial court did not do so here. Defendant's bargain in the underlying case specified that if he failed to appear for sentencing, he would receive the six-year term provided for under his *Cruz* waiver. After he failed to appear, the trial court sentenced him to the six-year term. That sentence did not deviate from the agreement in any way. That defendant's conduct also resulted in the filing of a separate FTA case is irrelevant to defendant's plea bargain in the underlying case.

## II

### *Section 654*

In response to our request for supplemental briefing, defendant contends that the trial court's imposition of consecutive sentencing in the underlying and FTA cases violated section 654 because this sentencing punished him twice for the single act of failing to appear. The People respond only that defendant's act of failing to appear was a separate statutory offense under section 1320 from the underlying felony. They fail to analyze the issue of whether the *increase* in defendant's sentence from 32 months to six years in the underlying case, that resulted *solely* from his failure to appear at sentencing, was punishment for the same act that resulted in his receiving an additional three years and four months in prison for the FTA case.

Section 654, subdivision (a), prohibits punishing any "act or omission that is punishable in different ways by different" penal provisions. This means, at the least, that "multiple punishment for a single *physical* act that violates different provisions of law" is prohibited. (*People v. Jones* (2012) 54 Cal.4th 350, 358 (*Jones*); emphasis added.)

6

"Whether multiple convictions are based upon a single act is determined by examining the facts of the case." (*People v. Mesa* (2012) 54 Cal.4th 191, 196.) "The purpose of section 654 is to ensure that a defendant's punishment will be commensurate with his culpability." (*People v. Correa* (2012) 54 Cal.4th 331, 341 (*Correa*).)

Here, in the underlying case, the trial court properly imposed the increased sentence provided for under defendant's *Cruz* waiver to punish his failure to appear for sentencing on June 16, 2011. Then, in sentencing on the FTA case, the court imposed a consecutive sentence for the same physical act: defendant's failure to appear for sentencing on June 16, 2011.[5] Although defendant's nonappearance was punished twice under different provisions of law, as the People point out, it remains that the nonappearance resulted in multiple punishment for the same act. This violated the clear directive of section 654. (See *Jones, supra*, 54 Cal.4th at p. 358.) It also did not advance the purpose served by section 654. (*Correa, supra,* 54 Cal.4th at p. 341.)

We conclude that defendant's consecutive sentence in the FTA case was, in fact, punishment for the same act as was the increase from 32 months to six years in his underlying case--his failure to come to court for his sentencing hearing in June 2011. Because the sentence in the FTA case was therefore unauthorized, we may correct it in the first instance. (*People v. Hester* (2000) 22 Cal.4th 290, 295.) We shall modify the judgment accordingly.

### DISPOSITION

The judgment is modified to stay the sentence imposed in case No. 11F5452. As modified, the judgment is affirmed. We direct the trial court to prepare an amended

---

[5] Although defendant continued to fail to appear for some time after that date, his subsequent failure to appear was not charged, admitted, or cited by the trial court in sentencing.

abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.



                  _____DUARTE_____, J.



We concur:



_____BLEASE_____, Acting P. J.



_____HOCH_____, J.