Filed 6/3/16  P. v. McFarland CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY MC FARLAND,<br><br>        Defendant and Appellant. | D068650<br><br><br>(Super. Ct. No. JCF35080) |

APPEAL from a judgment of the Superior Court of Imperial County, Diane B. Altamirano, Judge.  Affirmed as modified and remanded with directions.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lise S. Jacobson and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Anthony McFarland entered into a plea agreement. Under that agreement, appellant pled guilty to burglary of a vehicle (Pen. Code,[1] § 459) and two misdemeanors: possession of burglary tools and fleeing from a police officer. The remaining counts, including misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) were dismissed with a *Harvey* waiver.[2] The parties agreed appellant would receive three years of formal probation

The trial court granted probation but added two conditions, which are the subject of this appeal. First, based on the *Harvey* waiver, the court ordered appellant to register as a narcotics offender, although the drug possession count had been dismissed. Second, and again based on the *Harvey* waiver, the court imposed a $50 lab fee.

This appeal challenges the imposition of drug conditions, where there was no "drug" conviction. The People correctly concede the trial court erred in imposing the challenged conditions. We will order the court to strike both conditions.[3]

DISCUSSION

A. The Registration Requirement

The probation officer and the prosecution argued the *Harvey* waiver allowed the court to impose drug conditions even in the absence of a conviction for a drug-related offense.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

[3] The facts of the underlying offenses are not relevant to the issues in this appeal. Thus we will omit the traditional statement of facts.

As the parties agree, the *Harvey* waiver allows the sentencing court to consider the facts of the dismissed charges in exercising its sentencing discretion regarding the charges for which a person has been convicted. (*People v. Munoz* (2007) 155 Cal.App.4th 160, 167.) The waiver is not the same as a conviction, and cannot be considered as such in sentencing. (*People v. Myers* (1984) 157 Cal.App.3d 1162, 1168.)

Health and Safety Code section 11590 authorizing registration of narcotics offenders requires a conviction before registration can be ordered. Thus, the trial court did not have the authority to order narcotics offender registration in this case.

## B. Lab Fee

Just as with the registration discussion, the power to impose a lab fee under Health and Safety Code section 11372.5 applies in cases where the defendant has been convicted of an appropriate drug-related offense. As we have discussed above, a *Harvey* waiver does not amount to a conviction. Thus, the court had no authority to impose the lab fee in this case.

## DISPOSITION

The trial court is directed to strike the order requiring registration and to strike the $50 lab fee. The court shall amend the court's minutes appropriately. In all other respects the judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.