Filed 2/26/21  P. v. Sanders CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C083382 |
| Plaintiff and Respondent, | (Super. Ct. No. CM043507) |
| v. | |
| KEVIN LAMONT SANDERS, | |
| Defendant and Appellant. | |

Defendant Kevin Lamont Sanders appeals the imposition of a $39 theft fine under Penal Code section 1202.5.[1]  He contends the fine was unauthorized as it is punitive and could not be imposed following his *Harvey*[2] waiver.  The People agree the fine was

---

[1]  Undesignated statutory references are to the Penal Code in effect at the time of the alleged offense.

[2]  *People v. Harvey* (1979) 25 Cal.3d 754, 758 (*Harvey*).

1

unauthorized, but for a different reason, the People argue the statute requires the defendant be convicted of an enumerated theft offense and defendant was not. We agree with the People and will strike the fine. In all other respects, the judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with possession of methamphetamine in jail (§ 4573.6, subd. (a)) and it was further alleged defendant had served two prior prison terms (§ 667.5, subd. (b)) and had a prior strike conviction (§§ 667, subd. (d), 1170.12, subd. (b)). Defendant pleaded no contest to possessing methamphetamine in jail. The trial court suspended imposition of sentence, placed defendant on five years' formal probation, and granted him drug court.

A few months later, the probation department filed a petition to violate defendant's probation, alleging defendant (1) failed to report for drug testing; (2) moved residences without informing his probation officer; and (3) failed to submit papers to his behavioral health counselor as directed by his probation officer. Shortly thereafter, a complaint in a new case, case No. 16CM0447, charged defendant with misdemeanor petty theft. (§§ 484, 488, 490.5.)

Defendant admitted the probation violation allegation that he failed to report for drug testing. The remaining allegations in the petition and the petty theft complaint were dismissed with *Harvey* waivers. The trial court denied reinstatement on probation and sentenced defendant to the upper term of four years in state prison on the methamphetamine charge. The trial court imposed various fines and fees, including a fine under section 1202.5, "as it applies to the case that was dismissed with a *Harvey* waiver, 16CM00447."

## DISCUSSION

Defendant contends the $39 fine ($10 theft fine plus penalty assessments) imposed pursuant to section 1202.5 was improper. We must agree.

2

Section 1202.5 authorizes a $10 fine for local crime prevention programs where a defendant is *convicted* of enumerated theft-related offenses.  (*People v. Clark* (1992) 7 Cal.App.4th 1041, 1048, fn. 2.)  Specifically, section 1202.5, subdivision (a) provides in material part:  "In any case in which a defendant is convicted of any of the offenses enumerated in Section 211, 215, 459, 470, 484, 487, 488, or 594, the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed."  Defendant was not convicted of any enumerated offenses.

"A *Harvey* waiver permits the sentencing court to consider the facts underlying dismissed counts and enhancements when determining the appropriate disposition for the offense or offenses of which the defendant stands convicted."  (*People v. Munoz* (2007) 155 Cal.App.4th 160, 167.)  However, a *Harvey* waiver is not "tantamount to a guilty plea to the dismissed or uncharged crimes" and it does not constitute a conviction for those offenses.  (*People v. Myers* (1984) 157 Cal.App.3d 1162, 1168.)  The statute requires conviction of enumerated offenses.  Defendant was not convicted of any of those offenses.  Accordingly, the theft fine is unauthorized.

*****

3

## DISPOSITION

The judgment is modified to strike the fine imposed pursuant to Penal Code section 1202.5.  In all other respects, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.


                                                    /s/
                                              MURRAY, J.


We concur:


    /s/
BLEASE, Acting P. J.


    /s/
HOCH, J.