[No. B021786. Second Dist., Div. Five. Dec. 7, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
GLORIA MIRANDA, Defendant and Appellant.

COUNSEL

John F. M. Rodriguez, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Mark Alan Hart, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

ASHBY, Acting P. J.—Charged with murder, appellant Gloria Miranda pleaded guilty in municipal court to involuntary manslaughter. (Pen. Code, §§ 192, subd. (b), 859a.) In superior court she was sentenced to an upper

term of four years in the state prison. Her appeal is limited to a ground occurring after the entry of the plea which does not challenge the validity of the plea (Cal. Rules of Court, rule 31(d)), namely, that the sentencing court erred in selecting the upper term of imprisonment.

The victim in this case was a nine-month-old baby boy, Juan Dominguez, appellant's nephew who had been entrusted to her care. Since a plea was negotiated in municipal court, there was no preliminary hearing or trial to develop the applicable facts. The sentencing court considered the probation officer's report, the report of a social worker who investigated the incident, a coroner's autopsy report and photographs, and testimony at the sentencing hearing by the social worker, the investigating deputy sheriff, and the infant's mother, appellant's sister-in-law.

The child died from multiple head injuries due to blunt force injury to the head. Other significant conditions included thermal burns and a ligature mark on the neck. Appellant's version was that the death occurred from a tragic accident, compounded by panic and ignorance on appellant's part. Appellant was a Salvadoran refugee living in a small apartment with her husband and her own children and the victim. According to her version, hot water or hot coffee spilled on the baby. In the process he either fell and hit his head or started choking. He went unconscious and appellant tried to revive him with various techniques and "folk remedies," such as holding him upside down and shaking him, slapping him in the face, spanking him, and pinching his testicles. She took him by bus to the hospital where he was pronounced dead.

The autopsy report, however, showed the victim's injuries were extensive, including five distinct points of trauma under the scalp, a ligature mark on the neck and numerous bruises in the head and neck region.

In sentencing appellant to the upper term, the trial court listed three circumstances in aggravation. One, that the victim was particularly vulnerable in that he was only nine months old; two, that appellant occupied a position of trust as the victim's aunt and baby-sitter; and three, "the extreme severity, and the multiplicity of injuries to the victim in this case . . . . [t]he court finds that of necessity, because of the nature of the injuries, some of which have been read into the record from the autopsy report, that there was a prolonged and systematic battering of this infant before death was inflicted."

These were all proper circumstances in aggravation, amply justifying the upper term. (Cal. Rules of Court, rule 421(a)(1), (3), (12).)

■ Appellant contends that the trial court relied upon impermissible considerations in selecting the upper term. Appellant contends that in articulating the third factor the trial court was treating appellant as if she intentionally murdered the child, which she contends is precluded by the fact that she pleaded guilty to involuntary manslaughter instead of murder as charged. There are several flaws in appellant's argument.

Throughout the sentencing hearing there was much colloquy between court and counsel in which the court expressed its astonishment that the district attorney's office had agreed to a plea of involuntary manslaughter, and at various points the court commented how the case might have been prosecuted as a murder. However, at the end of the hearing when the court stated its reasons for sentence choice, the court did not say that it was finding the homicide an intentional or deliberate murder. The court's third factor was the extreme severity and multiplicity of the injuries and prolonged and systematic battering. This was a proper aggravating circumstance to distinguish *this* involuntary manslaughter from the "average" involuntary manslaughter.

Second, the authorities cited by appellant do not support her contention about the effect of her plea. Appellant's authorities stand for the proposition that when there are multiple charges involving *unrelated* crimes, a plea bargain dismissing or restricting the use of unrelated crimes limits the trial judge's discretion to consider those crimes as a circumstance in aggravation of the admitted crime. (*People* v. *Harvey* (1979) 25 Cal.3d 754, 758 [159 Cal.Rptr. 696, 602 P.2d 396]; *In re Knight* (1982) 130 Cal.App.3d 602, 605 [181 Cal.Rptr. 853]; *People* v. *Green* (1982) 142 Cal.App.3d 207, 215 [192 Cal.Rptr. 146].) Appellant's own authorities reiterate, however, that the sentencing court may consider all of the attending circumstances of the admitted crime, including transactionally related other offenses. (*People* v. *Harvey, supra,* 25 Cal.3d at p. 758; *People* v. *Guevara* (1979) 88 Cal.App.3d 86, 92-94 [151 Cal.Rptr. 511]; see also *People* v. *Burney* (1981) 115 Cal.App.3d 497, 505 [171 Cal.Rptr. 329]; *People* v. *White* (1981) 117 Cal.App.3d 270, 281-282 [172 Cal.Rptr. 612].) In this case only one crime was involved, and the fact that appellant pleaded guilty to involuntary manslaughter did not restrict the trial court's right to consider all the circumstances of this killing. For example, in *People* v. *White, supra,* the fact that a jury accepted the appellant's diminished capacity defense and found him guilty of voluntary manslaughter rather than murder as charged did not restrict the trial court in considering "the circumstances surrounding the execution-style killing of each of the victims in setting the terms of imprisonment." (117 Cal.App.3d at pp. 281-282.)

Finally, appellant does not contest the validity of the first two aggravating factors cited by the trial court. Considering the wide discretion of the

sentencing court in weighing the importance of aggravating and mitigating factors (*People* v. *Roe* (1983) 148 Cal.App.3d 112, 119 [195 Cal.Rptr. 802]), it is not reasonably probable that a result more favorable to appellant would occur if the matter were remanded for resentencing. (*People* v. *Dreas* (1984) 153 Cal.App.3d 623, 636-637 [200 Cal.Rptr. 586]; *People* v. *Kellett* (1982) 134 Cal.App.3d 949, 962-963 [185 Cal.Rptr. 1].)

The judgment is affirmed.

Boren, J., and Hastings, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.