Filed 7/9/14  P. v. Maniord CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073161 |
| v. | (Super. Ct. No. NCR79534) |
| GARY LEE MANIORD, | |
| Defendant and Appellant. | |

In this appeal, defendant Gary Lee Maniord challenges the trial court's denial of his *Romero* motion to strike a prior serious felony conviction.[1]  Defendant argues the trial court misconstrued the terms of the plea bargain in denying his *Romero* motion, and the record does not establish how the trial court would have exercised its discretion if it had

---

[1]     We refer to defendant's invitation to the trial court to strike his prior serious felony conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) as a "*Romero* motion."  (*People v. Clancey* (2013) 56 Cal.4th 562, 570-571; *People v. Scott* (2009) 179 Cal.App.4th 920, 923-924.)

engaged in the proper analysis. The People counter that defendant received the benefit of the negotiated plea bargain, and that the record establishes the trial court would not have granted the *Romero* motion even if the negotiated plea had not precluded such consideration.

Based on the terms of the negotiated plea, we conclude defendant's argument has merit. The trial court denied defendant's *Romero* motion based on the fact defendant had already received the benefit of the plea agreement. This is not a proper factor for a *Romero* motion. Accordingly, we remand the matter to the trial court to hear and determine whether defendant's *Romero* motion should be granted or denied after considering the proper factors.

BACKGROUND

The facts of defendant's underlying offense are not at issue in this appeal. Thus, it suffices to note defendant gave consent for a Tehama County deputy sheriff to search his car on the evening of June 5, 2010. Inside defendant's car, the deputy discovered a bag containing 2.3 grams of methamphetamine. A hypodermic syringe was found in defendant's pocket. Defendant claimed the methamphetamine was for his personal use.

Under the terms of a negotiated plea bargain, defendant pled guilty to transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)) and admitted a serious felony conviction (1996 assault with a deadly weapon) (Pen. Code, §§ 667, subds. (b)-(i), 1170.12).[2] In exchange, the People dismissed the remaining counts (misdemeanor driving without a valid license and misdemeanor possession of drug paraphernalia), and agreed that defendant be considered for probation under section 1210.1 (Proposition 36 probation). Terms of the negotiated plea also included an

---

[2]     Undesignated statutory references are to the Penal Code.

2

agreement if defendant's Proposition 36 probation were revoked he would be subject to a maximum sentence of four years, doubled for the prior strike.[3]  However, the plea deal did not specify a minimum sentence.  The plea agreement also did not preclude a *Romero* motion.

At the entry of plea, the trial court inquired whether defendant had been promised anything other than dismissal of the remaining counts and consideration for Proposition 36 probation.  Defendant answered in the negative.

The trial court suspended imposition of sentence and granted defendant Proposition 36 probation for a period of three years subject to certain terms and conditions –- including the requirements defendant participate in an alcohol and drug treatment program and submit to drug and alcohol tests.

Three months into his term of probation, defendant committed a violation by testing positive for methamphetamine.  The trial court reinstated defendant's Proposition 36 probation.  Several months later, defendant again committed a violation by failing to participate in an alcohol and drug treatment program.  The court reinstated defendant's Proposition 36 probation.  About a year later, defendant violated probation by failing to appear for an appointment with the probation department and failing to enroll in a treatment program.

Prior to sentencing after his third violation of probation, defendant filed a *Romero* motion to strike his prior serious felony conviction.  The People opposed the *Romero*

---

[3]     The maximum sentence for a violation of Health and Safety Code section 11379, subdivision (a), is four years.  We read the plea agreement to provide for a maximum sentence of eight years (four years doubled for the prior strike).  The parties appear to agree with this reading as neither has asserted the six year sentence (three years doubled for the prior strike) imposed after the third probation violation is more than the maximum sentence provided in the plea agreement.

motion, arguing the prior strike was admitted as part of the plea bargain. The People also noted defendant's extensive criminal history, parole violations, and poor performance on probation.

The trial court declined to strike the prior strike and refused to grant defendant probation. Defendant was sentenced to state prison to serve a term of six years –- comprising the midterm of three years, doubled for the prior strike.

DISCUSSION

***Denial of Motion to Strike a Prior Serious Felony Conviction***

**A.**

***Construing Terms of the Negotiated Plea Agreement***

As the California Supreme Court has explained, "A negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles. (*People v. Toscano* (2004) 124 Cal.App.4th 340, 344; *People v. Gipson* (2004) 117 Cal.App.4th 1065, 1069; *People v. Haney* (1989) 207 Cal.App.3d 1034, 1037; *People v. Alvarez* (1982) 127 Cal.App.3d 629, 633.) 'The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. (Civ. Code, § 1636.) If contractual language is clear and explicit, it governs. (Civ. Code, § 1638.) On the other hand, "[i]f the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it." (*Id*., § 1649; see *AIU* [*Ins. Co. v. Superior Court* (1990) 51 Cal.3d 807,] 822.)' (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264–1265.) 'The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the

4

contract; and the subsequent conduct of the parties. (Civ. Code, §§ 1635–1656; Code Civ. Proc., 1859–1861, 1864; [citations].)' (*Morey v. Vannucci* (1998) 64 Cal.App.4th 904, 912; see also *People v. Toscano, supra*, at p. 345.)" (*People v. Shelton* (2006) 37 Cal.4th 759, 767.)

Here, the People argued and the trial court agreed the *Romero* motion had to be denied because defendant admitted the prior strike as part of the negotiated plea. The trial court stated: "The defendant's request to strike the prior under *Romero* is denied. The defendant pled to the 11379 Health and Safety Code violation, admitted the prior strike. In exchange, the 12500 Vehicle Code charge was dismissed. Dismissal of that 12500 made him eligible for Prop 36 probation, which was granted. I see no good cause to strike the prior, given the fact that he was given the benefit of the bargain."

Defendant's negotiated plea agreement, however, did not contain either a minimum prison term or a prohibition on defendant's ability to request the trial court to consider striking the prior conviction under section 1385. Nothing precluded defendant from asking the trial court to strike his prior conviction in the interests of justice. (*People v. Carmony* (2004) 33 Cal.4th 367, 375.)

Before sentencing on his third violation of probation, defendant asked the trial court to strike his prior conviction and argued for probation in the interest of justice or an "appropriate prison sentence without the sentence being doubled by the strike enhancement." Imposition of probation or a lower prison term would not have violated the plea agreement because no minimum sentence was specified. Thus, the trial court had discretion to consider striking defendant's prior conviction consistent with *Romero*, *supra*, 13 Cal.4th 497.

However, the trial court denied the *Romero* motion on the ground defendant had already received the benefit of the bargain. In so concluding, the trial court relied on the

5

same reasoning rejected in *People v. Smith* (1997) 59 Cal.App.4th 46 (*Smith*). In *Smith,* the defendant entered a negotiated plea of guilty to possession and sale of cocaine base and admitted a prior strike in exchange for dismissal of several other counts. (*Id.* at pp. 47-48.) At sentencing, defendant requested the trial court exercise its discretion in order to dismiss a prior strike. (*Id.* at p. 48.) The trial court in *Smith* denied the motion on the ground it lacked discretion under section 1385 to strike the prior.[4] (*Id.* at pp. 48-49.) On appeal, defendant argued the trial court failed to properly exercise its discretion. (*Id.* at p. 52.) The Attorney General argued that striking the prior would have violated the negotiated plea because defendant received the benefit of the bargain in securing the dismissal of several charges. (*Id.* at p. 48.) In support, the Attorney General cited cases in which defendants had been held estopped to challenge sentences imposed consistent with the plea bargains. (*Id.* at p. 51.)

The *Smith* court reversed and explained: "We find this focus on the benefit of the bargain unhelpful. Presumably, every plea bargain entails some benefit, and this only begs the real questions: What was the bargain, and did it preclude a striking under *Romero*? Those questions, in our view, undergird the rulings in the cited cases. The indicated sentences were exactly what the defendants got, and a remand for a *Romero* exercise of discretion would have violated the bargain." (*Smith*, *supra*, 59 Cal.App.4th at p. 51.) The *Smith* court concluded nothing in the plea agreement prohibited defendant in that case from requesting that the prior conviction be stricken. (*Id.* at p. 51.) And, nothing in the plea agreement precluded the trial court from striking the prior. (*Ibid.*)

---

[4]     Although the trial court in *Smith* ruled on the defendant's request to strike before the California Supreme Court's decision in *Romero*, the Court of Appeal had the benefit of the Supreme Court's guidance and applied *Romero* in reaching its conclusion. (*Smith, supra,* 59 Cal.App.4th at p. 47.)

As in *Smith, supra*, 59 Cal.App.4th 46, the negotiated plea agreement in this case has no prohibition on a *Romero* motion and does not specify any minimum term that would have disallowed the trial court from granting the motion. Thus, the trial court erred in concluding that striking the prior would have violated the terms of the negotiated plea.

**B.**

***Romero Motion Analysis***

In deciding a *Romero* motion, the trial court "must consider whether, in light of the nature and circumstances of [defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of [defendant's] background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he [or she] had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).)

In reviewing a decision to deny a *Romero* motion, we do not presume the trial court erred in its analysis. We reverse only "where the record *affirmatively* discloses that the trial court *misunderstood* the scope of its discretion." (*People v. Fuhrman* (1997) 16 Cal.4th 930, 944.) In such instances, "remand to the trial court is required to permit that court to impose sentence with full awareness of its discretion as clarified in *Romero*." (*Ibid.*)

Here, the trial court did not engage in an analysis of the factors enumerated by the California Supreme Court in *Williams*. (See generally *Williams, supra,* 17 Cal.4th at p. 161.) Contrary to the Attorney General's assertion, this is not a silent record case in which the trial court's reasoning in denying the *Romero* motion was unstated and therefore subject to a presumption of correctness. Instead, the trial court expressly

7

reasoned there was no "good cause to strike the prior" solely on the basis defendant had already received the benefit of the plea bargain. Thus, the trial court did not consider the factors pointed out by defendant's *Romero* motion, including: (1) the prior strike was 16 years old, (2) the prior strike was more serious than the current offense, (3) defendant was not armed and did not cause any injury or damage during his present offense, (4) the current offense demonstrated little criminal sophistication, (5) defendant was remorseful, (6) defendant posed no immediate physical danger to anyone, and (7) defendant's prospects for the future were hopeful if not imprisoned.

The trial court also did not consider the People's bases for opposing the *Romero* motion on grounds (in addition to the asserted benefit-of-the-bargain rationale) that included: (1) defendant's lengthy criminal history, both before and after the strike, (2) his three felony convictions since his strike, (3) his conviction for being a felon in possession of a firearm in 2003, (4) parole violations in 2000 and 2003, and (5) his unsatisfactory performance on Proposition 36 probation. However, the People's written opposition offered no description of the nature of the convictions (except for noting the firearm possession conviction) or probation violations, and we cannot say the trial court would have declined to strike the prior based on a proper analysis of the factors articulated in *Williams, supra,* 17 Cal.4th 148.

The Attorney General points out defendant "neglects to mention that, during sentencing, the court went on to say it had read the probation officer's report and determined [defendant] was not a good candidate for continued probation." Here, the trial court indicated it denied probation to defendant because "[t]he defendant's failed on a grant of probation, performing poorly on probation/parole in the past." Revocation of probation, as in this case, may be premised on poor performance on probation. (*People v. Hawthorne* (1991) 226 Cal.App.3d 789, 795.) By contrast, in deciding on a motion to

8

strike a prior, *Williams* requires a consideration of the nature and circumstances of defendant's present and prior felony convictions and the particulars of defendant's background, character, and prospects. (*Williams, supra*, 17 Cal.4th at p. 161.)

The Attorney General alternately argues the trial court understood the scope of its discretion, relying on *People v. Mack* (1986) 178 Cal.App.3d 1026 (*Mack*) and *People v. Zichwic* (2001) 94 Cal.App.4th 944 (*Zichwic*). These cases are inapposite. *Mack* involved "a silent record on the issue of whether the trial judge did or did not believe it had discretion to strike the prior under . . . section 1385." (178 Cal.App.3d at p. 1032.) By contrast, the trial court in this case expressly relied on a single improper factor in denying the *Romero* motion.

In *Zichwic*, the trial court denied a *Romero* motion after expressing concerns about the "harsh" sentence resulting from the prior strikes. (*Zichwic, supra,* 94 Cal.App.4th at p. 958.) The Court of Appeal affirmed the denial because the trial court considered the proper factors set forth in *Williams* and recognized harshness of the result is not a proper factor to be considered under *Williams*. (*Zichwic, supra,* 94 Cal.App.4th at pp. 959-960; *Williams, supra*, 17 Cal.4th at p. 161.) In contrast to the *Zichwic* trial court's proper disregard for an improper factor, the trial court in this case erred by basing the denial of the motion to strike on an improper factor.

Accordingly, we remand the case to the trial court for proper consideration of defendant's *Romero* motion.

DISPOSITION

Defendant's conviction is affirmed. The judgment is reversed and the cause is remanded to the trial court with directions to hear and determine defendant's motion to strike his prior serious felony conviction consistent with *Romero*, *supra*, 13 Cal.4th 497 and *Williams, supra*, 17 Cal.4th at page 161. If the motion is granted, defendant shall be

9

resentenced.  If the *Romero* motion is denied, defendant's six-year sentence shall be reimposed.

       HOCH    , J.

We concur:

     MAURO    , Acting P. J.

     MURRAY   , J.