Filed 6/13/16  P. v. McCammon CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TRAVIS LEE McCAMMON,<br><br>    Defendant and Appellant. | 2d Crim. No. B264257<br>(Super. Ct. No. F495822)<br>(San Luis Obispo County) |

Appellant Travis Lee McCammon was charged with two counts of burglary (Pen. Code, § 459),[1] three counts of receiving stolen property (§ 496, subd. (a)), and one count each of grand theft of personal property (§ 487, subd. (a)) and possession of burglar's tools (§ 466).  The information alleged that he sustained three prior burglary convictions.  (§§ 667, subds. (a), (d), (e), 667.5, subd. (b), 1170.12, subds. (b), (c).)  Confronted with a potential sentence of decades in prison, McCammon entered into a negotiated agreement and pled no contest to one count of receiving stolen property–a credit card belonging to Lubura Dejawa–and admitted a "strike" and a prior prison term.  He was sentenced to five years in prison.  The remaining charges and allegation were dismissed.

---

[1] All further statutory references are to the Penal Code.

Following passage of section 1170.18 (Proposition 47) by voter initiative in November 2014, McCammon sought to have the offense reduced to a misdemeanor. The trial court "den[ied] the motion based on the *Harvey* waiver."[2] Without resolving whether the value of Dejawa's credit card exceeded $950, the trial court decided that it could "consider the value of the other property . . . for Prop 47" resentencing eligibility. The trial court found that McCammon failed to show that the aggregate value of the property in each of the originally charged counts–in particular the computer, television, watch, and other credit cards alleged in the grand theft count–was less than $950. Accordingly, the trial court ruled that he was ineligible for relief under Proposition 47.

The trial court erred when it found that the sum to be considered was the aggregate amount. In determining whether appellant was eligible for Proposition 47 relief on a specific count, the trial court could not aggregate the sums at issue in other counts to exceed $950 and thereby make McCammon statutorily ineligible. We affirm, however, because McCammon failed to meet his burden of showing that the value of Dejawa's credit card was less than $950.

DISCUSSION

The record does not disclose the facts surrounding McCammon's offense. Proposition 47 provides that "[a] person currently serving a sentence for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor . . . had [Proposition 47] been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing [under the law] as . . . amended . . . ." (§ 1170.18, subd. (a).) "If the petitioner satisfies the[se] criteria . . . , the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the

---

[2] Pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, McCammon "agree[d] that the court [could] consider all dismissed counts for purposes of sentencing and restitution."

2

petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

McCammon was convicted of one felony count of receiving stolen property. As amended by Proposition 47, this offense is a misdemeanor "if the value of the property does not exceed [$950]"; otherwise, it is a felony. (§ 496, subd. (a).) Here, the property was a credit card. The trial court erred in looking to the value of the property at issue in the dismissed counts because "an informed ''*Harvey* waiver'' cannot be treated as tantamount to a guilty plea to the dismissed or uncharged crimes." (*People v. Myers* (1984) 157 Cal.App.3d 1162, 1168.) We have previously rejected the argument "that [a] *Harvey* waiver allowed the trial court to rely on facts underlying the dismissed . . . grand theft counts to find that [a petitioner] is 'outside the spirit' of Proposition 47." (*People v. Hoffman* (2015) 241 Cal.App.4th 1304, 1311.)

We may affirm the trial court's ruling, however, on any basis apparent from the record. (*People v. Dawkins* (2014) 230 Cal.App.4th 991, 1004 ["A 'ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason'"].) A petitioner seeking resentencing under Proposition 47 bears the burden of proving his eligibility for such resentencing. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136.) McCammon did not meet his burden of showing that the credit card's value was less than $950.

When asked at the resentencing hearing what the credit card's value was, defense counsel stated, "We do not know. We're talking about a plastic card that he had in his possession that was never used; there's no value." But the fact that McCammon never used the credit card to make a purchase does not render it valueless. If he had stolen more than $950 in cash without spending it, he would have committed a felony and would be ineligible for resentencing. He failed to show that he was unable either to make purchases with Dejawa's stolen credit card totaling more than $950 or to sell it for more than that amount.

3

DISPOSITION

The order denying Proposition 47 relief is affirmed.

NOT TO BE PUBLISHED.


                              PERREN, J.


We concur:



              YEGAN, A. P. J.



              TANGEMAN, J.


4

Hugh F. Mullin, III, Judge[*]

Superior Court County of San Luis Obispo

_____

Carlos Ramirez, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

[*] Retired Judge of the San Luis Obispo Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.